UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NICOLE CONTRERAS,

        Plaintiff,

v.

MASTER FINANCIAL, INC.; et al.,

        Defendants.

3:10-cv-0477-LRH-VPC

ORDER

Before the court is defendant T.D. Service Corporation's ("TD Service") motion to dismiss filed on November 19, 2010. Doc. #18.[1] Plaintiff Nicole Contreras ("Contreras") filed an opposition to which TD Service replied.

**I.  Facts and Procedural History**

In April, 2006, Contreras purchased real property through a mortgage note and deed of trust originated by defendant Master Financial, Inc. Beginning in 2009, Contreras defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Contreras filed a complaint in state court against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending

---

[1] Refers to the court's docket entry number.

Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. Doc. #1, Exhibit 1. Thereafter, TD Service filed the present motion to dismiss. Doc. #18.

## II.  Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

2

1  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
2  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
3  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
4  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
5  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
6  plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

7  **III.    Discussion**

8      **A.  Debt Collection Violations**

9      Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal
10  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,
11  Contreras's complaint asserts that defendants violated the FDCPA by initiating a non-judicial
12  foreclosure without following the proper procedures for attempting to collect a debt.

13      It is well established that non-judicial foreclosures are not an attempt to collect a debt under
14  the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank*
15  *FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev.
16  2010) (holding that recording a notice of default is not an attempt to collect a debt because the
17  borrower already consented to allow the foreclosure trustee to record the notice upon default).
18  Further, the legislative history of the FDCPA conclusively indicates that a debt collector does not
19  include a mortgage servicing company, or an assignee of a debt, as long as the debt was not in
20  default at the time it was assigned. *See* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in
21  1977 U.S.Code Cong. & Ad.News 1965, 1968.

22      In this action, the FDCPA is inapplicable because TD Service, the original trustee under the
23  deed of trust, is not a debt collector as defined by the statute. Further, TD Service did not initiate
24  the non-judicial foreclosure proceedings in this action. As TD Service did not violate the FDCPA,
25  it did not in turn violate NRS § 649. Accordingly, the court shall grant TD Services' motion.

26

**B.  Nevada Unfair and Deceptive Trade Practices Act**

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Contreras alleges that defendants violated the statute by recording the underlying notice of default without having a state business license.

Here, TD Services did not act as the foreclosure trustee in this matter or take any action in causing the notice of default to be recorded. As such, Contreras fails to state a claim against TD Service upon which relief can be granted. Moreover, even if TD Service was the foreclosure trustee, a foreclosure trustee does not have to be licensed to record a notice of default because a foreclosure trustee is not a debt collector. *See e.g., Hulse*, 195 F. Supp. 2d 1188; *Charov*, 2010 U.S. Dist. LEXIS 65798.

**C.  Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Here, TD Services was not involved in the origination of Contreras's mortgage loan. A defendant who did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g., Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. 2009).

Additionally, the court notes that Contreras's complaint references a version of the act after it was amended in 2007. Contreras's loan originated in 2005. Thus, Contreras's loan which was issued before the amendment cannot have violated the new Nevada statute requiring a determination that the borrower has the ability to repay the loan. Accordingly, the court shall grant TD Service's motion to dismiss as to this claim.

///

///

4

**D.  Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, Contreras alleges that defendants breached the implied covenant because they misrepresented the cost of credit involved in the loan agreement. However, TD Service was not a party to the origination of the loan. Thus, TD Service could not have misrepresented any portion of the loan agreement. Moreover, Contreras's alleged misrepresentations occurred *before* a contract was formed. A party cannot breach the covenant of good faith and fair dealing before a contract is formed. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("an implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct").

**E.  NRS 107.080**

Contreras argues that defendants violated NRS 107.080 by not complying with the applicable provisions in NRS 107.086 and 107.087 concerning recordation and mailing of the notice of default. However, Contreras fails to allege an actionable claim against TD Service, the original trustee, who did not take any action in causing the notice of default to be recorded. Further, the court has reviewed the documents and pleadings on file in this matter and has previously found that Quality Loan Service Corporation, the foreclosure trustee, substantially

1 complied with the provisions of NRS 107.080 in causing the notice of default to be recorded and in
2 mailing a copy of the notice of default by certified mail. *See* Doc. #16. Accordingly, the court shall
3 grant TD Service's motion to dismiss as to this claim.

### F. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, no defendant claims an interest in the property that is adverse to Contreras. Therefore, Contreras has no grounds to quiet title against moving defendants.

### G. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Contreras fails to allege anything more than defendants omitted important information from his loan documents and made misrepresentations about his loan to him during the loan process. However, there are no allegations of who failed to provide the information or what information was not provided. Further, Contreras fails to allege any facts to support misrepresentations made during the loan process against TD Service who was not a party to the origination of the loan. Therefore, the court finds that Contreras's allegations are insufficient to support his claims for fraud.

### H. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust

6

enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Contreras cannot make a claim in equity for actions that are controlled by a contract to which he is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

**I. Injunctive and Declaratory Relief**

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not a separate causes of action. Here, Contreras's claims fail to establish any claim for relief. Accordingly, Contreras is not entitled to injunctive or declaratory relief.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #18) is GRANTED. Defendant T.D. Service Company is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 4th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7